OPINION
On August 30, 2000, the Delaware County Grand Jury indicted Appellant Jack Seely on one count of aggravated menacing, one count of vandalism, two counts of failure to comply, two counts of driving under the influence of alcohol, one count of resisting arrest and one count of using a weapon under the influence of alcohol. The state dismissed the indictment on January 19, 2001, and an identical indictment was filed on February 9, 2001.On March 16, 2001, appellant appeared before the trial court and pled guilty to one count of aggravated menacing, one count of vandalism, one count of failure to comply and one count of driving under the influence of alcohol. The trial court sentenced appellant, on May 10, 2001, to eight months on the vandalism charge and twelve months on the firearm specification to the charge of failure to comply. The trial court ordered these sentences to be served consecutively. The trial court also sentenced appellant to eight months on the aggravated menacing charge, eight months on the charge of failure to comply and six months on the driving under the influence charge, which the trial court ordered to be served concurrently with the eight-month sentence for vandalism. The trial court further ordered appellant to pay court costs and suspended his driving privileges for three years.
Appellant timely filed a notice of appeal and the trial court appointed the Office of the Ohio Public Defender to represent him on appeal. On October 8, 2001, Attorney Craig Jaquith submitted a brief pursuant toAnders v. California (1967), 386 U.S. 738. This court ordered Attorney Jaquith to comply with the procedures set forth in Anders. Subsequently, Attorney Jaquith served appellant with a copy of the "Motion to Withdraw" and "Merit Brief of Appellant, Jack F. Seely." Also, the clerk of courts served appellant with a copy of a judgment entry filed October 29, 2001, which indicates that appellant may file a brief pro se within the next thirty days.
This court must now determine whether Attorney Jaquith's request to withdraw should be granted and whether to dismiss the instant appeal as wholly frivolous. In Anders, the United States Supreme Court established five criteria which must be met before a motion to withdraw may be granted:
 (1) A showing appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous.
 (2) A showing a motion to withdraw has been filed by appellant's counsel.
 (3) The existence of a brief filed by appellant's counsel raising any potential assignments of error.
 (4) A showing appellant's counsel provided to the appellant a copy of said brief.
 (5) A showing appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address. Id. at 744.
Upon a finding these criteria have been met, Anders explains:
 * * * the court-not counsel-proceeds, after full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on the merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal. Id.
We find the criteria established by the United States Supreme Court, inAnders, have been met. First, Attorney Jaquith represents to this court, through his "Motion to Withdraw", that he made a thorough review of the case and legal research; therefore, satisfying the first criteria. Next, Attorney Jaquith filed a "Motion to Withdraw" and "Merit Brief of Appellant, Jack F. Seely" on October 8, 2001, which satisfies the second and third criteria. Further, the Certificate of Service indicates that appellant was served a copy of the motion by regular U.S. Mail, which satisfies the fourth criteria. Finally, appellant was provided with an opportunity to file a brief pro se; thereby, satisfying the fifth criteria.
After a full examination of all the proceedings, we further find this case is wholly frivolous. The record is devoid of any legal points arguable on the merits. Further, appellant did not file a brief pro se
raising any assignments of error to support this appeal.
Accordingly, Attorney Jaquith's "Motion to Withdraw" is granted and the appeal is dismissed.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, this appeal is dismissed.
Pursuant to App.R. 24(A)(2), appellant shall pay costs in this matter.
Hon. W. Scott Gwin, P. J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concur.